# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 11-398V

Filed: December 20, 2012

Not for Publication

```
************************************
```

| | | |
|---|---|---|
| CANDICE JOHNSON, | * | |
| | * | |
| Petitioner, | * | Attorneys' Fees & Costs Decision |
| | * | Based on Respondent's Status |
| v. | * | Report |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

```
************************************
```

Candice Johnson, Dolton, IL, for petitioner (pro se).
Jennifer L. Reynaud, Washington, DC, for respondent.


**MILLMAN, Special Master**


## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 17, 2012, respondent filed a status report in which respondent and petitioner's former attorney, Mark T. Sadaka, agreed on an appropriate amount for attorneys' fees and costs in this case.

Mr. Sadaka attests that petitioner did not incur any costs to pursue her petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 8, 2012, Mr. Sadaka filed an Application for Fees and Costs requesting $13,237.94 in attorneys' fees and costs. During informal discussions, respondent raised objections to certain items. Based on these objections, Mr. Sadaka amended his request for attorneys' fees and costs and requests $8,512.94 in attorneys' fees and costs. Respondent does not object to the reduced amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$8,512.94**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Mark T. Sadaka, Esq. in the amount of **$8,512.94.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: _____                    _____

                                                                   Laura D. Millman
                                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.